ERVIN, Justice.
By petition for writ of certiorari we are asked to review an order of the Florida Industrial Commission reversing a compensation order of a Deputy Commissioner awarding Petitioner compensation for permanent partial disability based on a 30 per cent anatomical disability of the body as a whole. Petitioner seeks to have us quash the order of the full Commission and reinstate the order of the Deputy on the ground that the Deputy’s order and findings are supported by competent, substantial evidence.
John B. Wright, the petitioner herein and claimant below, is a fifty-six year old male who was employed by Respondent Coral Farms as a rough carpenter and maintenance man. On February 24, 1965, while in the process of unloading a semi truck loaded with citrus pulp, he was subjected to an unusual strain. This strain was occasioned by Petitioner’s efforts in pulling a section of the vacuum pipe which drew the pulp from the truck. A part of this pipe caught on the tailgate of the truck, thus causing the resulting strain to the Petitioner. Immediately upon this strain Petitioner became pallid and his vision became blurry; he sat down to keep from falling and told his foreman that he was ill. The foreman told Petitioner to lie down. The Petitioner testified that the blurry sensation persisted and he noticed that he was sweating profusely. When asked if *539 he suffered any pain, Petitioner answered “[N]ot that I know of because I was so dizzy and blurry I don’t know if there was any pain or what.” The Petitioner continued working until March 1, 1965, on which date he unloaded eight sacks of mineral weighing approximately one hundred pounds each. As Petitioner left the place of unloading and started driving back to the storage barn he became acutely ill and was allowed to leave work and go to his home. The following day Petitioner went to the Putnam Memorial Hospital, where his condition was diagnosed as a myocardial infarction. Petitioner remained in the hospital for two and a half weeks before he was discharged. Upon advice of the treating physician, Petitioner has not worked since the myocardial infarction and has not sought other than light employment.
Upon claim heard before the Deputy on February 9, 1966, one physician (the same that originally diagnosed Petitioner’s condition as a myocardial infarction) testified that he was of the opinion that Petitioner’s myocardial infarction was not a result of his activity of February 24, 1965. He further testified that in his opinion myocardial in-farctions are not caused by exertion but are a result of a pre-existing condition or a disease and cannot be caused by strenuous activity. Subsequent to the hearing, however, a deposition was taken of a cardiologist whose practice is limited to cardiology. This doctor, with twenty years’ experience as a cardiologist, testified that it was his opinion that the sudden exertion by Petitioner aggravated a pre-existing quiescent heart condition. This same doctor rated Petitioner’s physical disability at twenty to thirty per cent. The Deputy entered his order on May 25, 1966, wherein he found the Petitioner’s heart attacks causally related to the episode of February 24, 1965. As a result of this finding, the Deputy awarded Petitioner compensation for permanent partial disability based on an anatomical disability rating of thirty per cent of the body as a whole.
We find that the full Commission, in reversing the Deputy’s order, misconstrued some of the material evidence. For example, the transcript discloses the block and tackle referred to by the Commission was only used in unloading corn, an entirely different operation from the unloading of the citrus pulp which allegedly caused the undue exertion. The Commission overlooked that the pipe the Petitioner pulled, one of the flanges of which caught on the tailgate of the truck, causing the undue strain, was not lifted by the block and tackle. It mistakenly commented: “The pipe in itself was not heavy, as the main weight was borne by the overhead block and tackle.”
The Commission further stated:
“ * * * it is clear to us that there is no competent substantial evidence in the record to indicate that the claimant suffered any pain at any time during either of his heart attacks.” (Emphasis added.)
The Commission went on to say:
“We think that the absence of pain at the time of the claimant’s exertion (which in the instant case does not appear to be strenuous) indicates that the attack was not causally related to the claimant’s employment, but in fact could have occurred at any time.”
In our judgment the Commission gave undue weight and emphasis to the element — or the lack of it — of “pain.” The Commission appears to be under the impression that pain is an essential prerequisite to finding that a claimant has suffered a compensable accident in the form of a myocardial infarction. Pain is important and relevant to the finding only insofar as it may be present in the particular factual situation. If there is pain then it is definitely an evidentiary matter and should be related. If there is no pain or no remembrance or report of pain, this also is a matter for relation as to existing facts. It neither conclusively proves nor disproves *540 anything in and of itself. Granting that the symptom of “pain” be lacking, there is ample additional evidence in the record to sustain the finding that Petitioner suffered a heart attack. The facts here are unlike those in Arkin Construction Co. v. Simpkins, 99 So.2d 557, where we quashed an order of compensation. In that case the record was totally lacking in any immediate symptoms indicating a heart attack following the accident in question. In this case there were symptoms which the cardiologist "believed indicated the Petitioner suffered a myocardial infarction following an accident. The expert medical testimony was based on the same symptoms; the only difference therein was on the question of causality. The Deputy accepted the view expressed by the cardiologist after hearing all of the testimony and considering the record in its entirety.
The full Commission also gave great credence to the suggestion that the hypothetical question posed by Petitioner’s attorney (upon which was based the opinion of the doctor whose testimony regarding the causality the Deputy chose to accept) contained facts or statements which were not in evidence. Our study of this hypothetical question reveals that it was not totally correct as to the exact sequence or lapses of time between Petitioner’s discomforts or attacks. We feel, however, that the particular deviations were not material to the final opinion of this doctor as based on the "hypothetical question. We are re-enforced in this belief by the fact that the doctor asked Petitioner’s attorney several questions after the hypothetical question was posed—namely: “The heart attack, myocardial infarct is definite?” The answer was in the affirmative. Further, “And it is definite that he had indigestion * * * after this unusual exertion on the job.” (Emphasis added.) The answer was again in the affirmative. After having asked these questions, the doctor stated that it was very probable that the alleged unusual exertion “could have definitely aggravated a previous existing quiescent heart condition.” We recognized in Victor Wine and Liquor, Inc. v. Beasley, 141 So.2d 581, that
“ * * * if there is competent substantial medical testimony, consistent with logic and reason, that the strain and exertion of a specifically identified effort, over and above the routine of the job, combined with a pre-existing non-disabling heart disease to produce death or disability sooner than it would otherwise have occurred from the normal progression of the disease, the employee has a right to some compensation.” (at 589)
We have long been committed to the principle that the full Commission should not reverse findings of fact made by a Deputy Commissioner unless it appears that those findings are clearly erroneous in that they are not sustained by competent, substantial evidence. (See United States Casualty Co. v. Maryland Casualty Co., Fla., 55 So.2d 741.) We agree with the dissent to the order of the full Commission in which the dissenting Commissioner said:
“The whole point of this case is whether or not there is competent substantial evidence in the record to support the deputy’s finding of fact regarding the causal relationship of the myocardial infarct of 1965 and claimant’s employment.”
We feel that in the instant case the full Commission substituted its judgment of the facts for that of the Deputy Commissioner and we do hereby accordingly quash the order of the full Commission with directions that the order of the Deputy Commissioner be reinstated.
The petition for attorney’s fees is granted in the amount of $350.00.
It is so ordered.
THORNAL, C. J., and ROBERTS and DREW, JJ., concur.
THOMAS, O’CONNELL and CALDWELL, JJ., dissent.